**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1391
_____

UNITED STATES OF AMERICA

v.

RAZHON A DICKEY, a/k/a R,

RAZHON A. DICKEY,
                                             Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-09-cr-0034-001)
District Judge:  Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE and ROTH, Circuit Judges

(Opinion filed: January 25, 2012)

O P I N I O N

**ROTH**, Circuit Judge:

        Razhon A. Dickey appeals the District Court's January 31, 2011, judgment of

sentence.  Dickey contends that the District Court erred in finding that the Fair

Sentencing Act of 2010 did not apply to him and failed to rule on his motion for a downward variance. For the following reasons, we will vacate the sentence the District Court imposed and remand for resentencing.

## I. Background

In June 2009, as part of an ongoing investigation into the distribution of cocaine, law enforcement agents worked with a confidential informant to make several controlled purchases of crack cocaine from Dickey. As a result of the transactions, 24.8 grams of cocaine base were attributable to him.

On September 15, 2009, the grand jury returned a five-count Indictment charging Dickey with conspiracy to distribute and possess with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 846 (Count I), distribution of five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Counts 2 and 4), distribution of less than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3), and possession with intent to distribute less than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 5). On February 18, 2010, Dickey pled guilty to all five counts.

Prior to sentencing, Dickey moved for a downward departure and/or variance based on the sentencing disparity between crack cocaine and powder cocaine, the overstatement of his criminal history, and his personal history and characteristics. In addition, he argued that the FSA applied to him. After thoroughly considering the issue, the District Court declined to apply the FSA to Dickey and concluded that he would be sentenced in accordance with the pre-FSA statutory mandatory minimums.

2

At the sentencing hearing on January 26, 2011, the District Court determined that Dickey had a total offense level of 21 and criminal history category of IV, resulting in an advisory Guidelines range of 57 to 71 months. Because 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 imposed a mandatory minimum term of imprisonment of five years, the District Court found that Dickey's actual Guidelines range was 60 to 71 months. After considering the extensive record, including Dickey's arguments for a downward departure and/or variance, as well as the statutory factors set forth in 18 U.S.C. § 3553(a), the District Court sentenced Dickey to 64 months imprisonment on each count, to run concurrently.

Dickey appealed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a).

We review a district court's legal conclusions regarding the United States Sentencing Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

## III. Discussion

### A. Fair Sentencing Act

Dickey contends that the District Court erred in finding that the FSA did not apply to him. We recently held that the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010,

3

regardless of when the offense conduct occurred. *United States v. Dixon*, 648 F.3d 195, 203 (3d Cir. 2011). Thus, the government now concedes—as it must—that the FSA applies to Dickey, who committed his drug offenses before August 3, 2010, but was sentenced after that date.

The government contends, however, that the District Court's failure to apply the FSA when sentencing Dickey was harmless error that did not affect his sentence. In particular, the government argues that the District Court imposed the 64-month sentence based on consideration of the 18 U.S.C. § 3553(a) factors, without regard to the 60-month mandatory minimum, and thus Dickey suffered no prejudice.

The use of an erroneous Guidelines range typically requires reversal, unless the miscalculation is harmless. *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008). The government, as the proponent of the sentence, bears the burden of persuading us that the District Court would have imposed the same sentence absent the error. *Id.* at 215. We will remand for resentencing unless we conclude on the record as a whole that it is clear and unambiguous that the District Court would have imposed the same sentence under the correct Guidelines range. *Id.* at 215-16. It is the District Court's reasoning, and not merely an overlap between the incorrect and correct Guidelines range, that is determinative. *Id.* at 216.

The 64-month sentence the District Court imposed falls within both the incorrect Guidelines range of 60 to 71 months and the correct Guidelines range of 57 to 71 months. We cannot be sure, however, that on the record as a whole the District Court would have imposed the same sentence had it concluded that the FSA did apply to Dickey and thus

that the 60-month mandatory minimum did not. After carefully weighing the 18 U.S.C. § 3553(a) factors, the District Court explained that it "had chosen to remain within the guidelines and impose a sentence at the lower to middle end of the guideline." Because the low end of the correct Guidelines range is three months less than the range the District Court used, we cannot conclude that the erroneous Guidelines calculation was harmless. We will, therefore, vacate Dickey's sentence and remand the case to the District Court for resentencing.

**B.     Motion for Downward Variance**

Dickey also argues that the District Court failed to rule on his motion for a downward variance based upon the sentencing disparity between crack cocaine and powder cocaine. Because we will vacate the sentence entered by the District Court and remand for resentencing based on Dickey's FSA argument, we do not reach this issue.

**IV.     Conclusion**

For the foregoing reasons, we will vacate the judgment of sentence and remand for resentencing.